IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GARY SCOTT STROUD,**
**D.O.C. # K81945,**

    **Plaintiff,**

vs.                                             Case No. 4:23-cv-235-RH-MAF

**COLONEL JACOBS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se and in forma pauperis, is currently proceeding with his fifth amended civil rights complaint, ECF No. 68. He now seeks to file a sixth amended complaint, ECF No. 98-1. Before the Court is Plaintiff's motion for leave to amend, ECF No. 98. For the reasons discussed, the motion should be denied and the case should continue with Plaintiff's fifth amended complaint.

The allegations of the operative complaint were discussed in the Court's previous Report and Recommendation and will not be restated in depth here. See ECF No. 61.[1] Plaintiff brings an Eighth Amendment claim

---

[1] The fifth amended complaint removed the official capacity designation, which was dismissed, but is otherwise factually identical to the complaint discussed in the R&R. See ECF Nos. 66, 67, 68.

against prison officials for failing to protect him from an attack after a hit was allegedly placed on him by another prisoner.

The three current Defendants were correctional officials on the Institutional Classification Team (ICT) at Plaintiff's institution. They were responsible for protective management transfer recommendations. After investigation, the ICT then makes their recommendations to the State Classification Office (SCO), who makes the final decision. See ECF No. 61 at 10-11.

Plaintiff's motion for leave to amend and proposed sixth amended complaint seek to add a new Defendant, Sgt. McMillian. See ECF No. 98, 98-1. McMillian is not on the ICT and is not part of the SCO. He was not present for the ICT interview of Plaintiff. ECF No. 98-1 at 7. According to Plaintiff, McMillian was a gang sergeant who was aware of the threat against Plaintiff and recommended Plaintiff's transfer to the ICT. Id. at 9. But McMillian told Plaintiff that while he would "recommend a transfer…[the ICT] doesn't always take [his] recommendation." Id. at 8.

Plaintiff obtained McMillian's report in discovery. ECF No. 98 at 1. Plaintiff disputes the information in the report. Id. Plaintiff's basis for adding him as a Defendant is because he "is a bigger part of the picture." Id. Plaintiff's proposed sixth amended complaint attempts to bring the same

Eighth Amendment failure to protect claim against McMillian as the current Defendants because Plaintiff believes his report contains "falsified" details with incorrect dates. ECF No. 98-1 at 7-8. He also claims the report does not accurately reflect the statement Plaintiff made to him, though this allegation is not explained. Id. Plaintiff claims the "falsified report…proves that Sgt. McMillian is a much bigger part of the story than previously known." Id. at 8. Plaintiff provides no additional context for such an assertion.

Even if McMillian's report was falsified, it would not rise to the level of an Eighth Amendment failure to protect claim. It is undisputed that McMillian did not have the power to move Plaintiff into protective management or recommend his transfer to the SCO. That was the job of the ICT, which McMillian was not a part of. McMillian was not involved in the decision to deny Plaintiff's transfer. He was not even present for the ICT interviews. Plaintiff cannot show causation and therefore fails to state a claim as it pertains to McMillian. The requested amendment would be futile. Because of that, his motion for leave to amend the complaint should be denied.

## Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to amend the complaint, ECF No. 98, be **DENIED**,

the case proceed with the fifth amended complaint, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on May 6, 2025.

> s/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**