Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

GARY SCOTT STROUD,

Plaintiff,

v. CASE NO. 4:23cv235-RH-MAF

COLONEL JACOBS et al.,

Defendants.

_____________________________/

## ORDER GRANTING SUMMARY JUDGMENT

The plaintiff was an inmate in a state correctional facility. A fellow inmate threatened the plaintiff, and he promptly reported the threat to the officer in charge. The plaintiff was placed in administrative confinement while officials investigated and an administrative process went forward. The plaintiff was returned to the general population five weeks after reporting the threat. Less than two hours later, the plaintiff was beaten by other inmates.

In this action the plaintiff asserts a claim under 42 U.S.C. § 1983 against three officials. The plaintiff asserts the defendants failed to take constitutionally adequate steps to protect him. The defendants have moved for summary judgment.

The motion is before the court on the magistrate judge's report and recommendation, which recommends granting the motion. There have been no objections.

The report and recommendation concludes the record lacks evidence sufficient to support a finding of a constitutional violation. Perhaps so. The plaintiff reported a threat related to his indebtedness to unidentified inmates. Officials investigated but could not identify the source of the threat or verify that the plaintiff faced a substantial risk. In any event, the plaintiff reported that he learned *after the beating* that he was also at risk because other inmates believed he had cooperated with law enforcement. It thus is not clear the threat the plaintiff reported—the threat based on his indebtedness to other inmates—had anything to do with the beating.

A definitive ruling need not be made on whether the record could support a finding of a constitutional violation. Either way, the defendants have qualified immunity. Qualified immunity applies to damages claims against public officers acting within their discretionary authority and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 574 U.S. 13 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a

public officer may be held individually liable only if the officer's conduct violates clearly established law.

A prison official must not be deliberately indifferent to an inmate's substantial risk of harm at the hands of another inmate. This is clearly established by *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and its progeny. But no decision or clearly applicable principle establishes that in the circumstances known to the defendants here, more was required than what they did. They did not knowingly violate the law. They have qualified immunity.

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The summary-judgment motion, ECF No. 136, is granted.

3. The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is adjudged that the plaintiff Gary Scott Stroud recover nothing on his claims against the defendants Colonel Jacobs, Barfield, and K. Stanford. The claims are dismissed on the merits."

4. The clerk must close the file.

SO ORDERED on August 20, 2026.

s/Robert L. Hinkle
United States District Judge